IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOMEM and WENDY HOMEM, | No. C 05-0792 MMC |
| Plaintiffs,<br>v.<br>INTEC CORPORATION and JIM CHAMBLEE,<br>Defendants / | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE; VACATING HEARING** |

Before the Court is defendant Intec USA, LLC's motion, filed June 8, 2006, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, certain claims in the Second Amended Complaint ("SAC") filed by plaintiffs Richard and Wendy Homem, and to strike, pursuant to Rule 12(f), portions of the SAC. Plaintiffs have filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for July 21, 2006, and rules as follows.

Defendant seeks dismissal of the First Cause of Action, alleging a claim for strict products liability, and the Second Cause of Action, alleging a claim for negligent design, and seeks an order striking from the SAC all facts pertaining thereto. Defendant argues the First and Second Causes of Action are based on facts not alleged in the original complaint, that such claims do not relate back to the original complaint, and, consequently,

are barred by the two-year statute of limitations applicable to claims for personal injury. See Cal. Civ. Proc. Code § 335.1 (providing two-year statute of limitations for "action for . . . injury to . . . an individual caused by the wrongful act or neglect of another").

Under the Federal Rules of Civil Procedure, "[a]n amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." See Fed. R. Civ. P. 15(c).

As defendant correctly notes, under California law, the law providing the applicable statute of limitations, a new claim does not relate back unless it "involves the same accident (injury) and the same offending instrumentality." See Nelson v. A.H. Robins Co., 149 Cal. App. 3d 862, 868 (1983) (holding, where original complaint alleged personal injuries caused by physician's negligent insertion of IUD device, amended complaint alleging products liability and other new claims against IUD manufacturer related back because new claims were based on same injury and same instrumentality as alleged in original complaint). Defendant concedes the original complaint and the SAC allege the same accident, specifically, plaintiff Richard Homem's fall from a ladder while working at a Variable Retention Time system ("VRT") on February 25, 2003. (See Compl. ¶ 7; SAC ¶¶ 8, 15.) Defendant argues, however, that the only "offending instrumentality" identified in the original complaint was the "uncovered fan" of the VRT system, (see Compl. ¶ 8), whereas the SAC additionally identifies the VRT system's "conveyor machinery," (see, e.g., SAC ¶ 23), and an "unstable" ladder, (see SAC ¶ 15).

Defendant's argument is unpersuasive. Contrary to defendant's argument, the original complaint did not include language limiting the scope of the alleged defects to the uncovered fan. Rather, the original complaint alleged defendant was responsible for "defective conditions on the premises, including but not limited to, leaving an uncovered fan (no fan housing or cover in place)." (See Compl. ¶ 8 (emphasis added).) In its reply, defendant argues it "was not provided notice" of the additional facts "until long after

2

1  discovery in the matter had been closed." (See Def.'s Reply at 5:18-20.)  Defendant,
2  however, offers no evidence in support of such assertion, for example, evidence that
3  plaintiffs, in responding to discovery, indicated the only defect at issue was the uncovered
4  fan.
5       Moreover, the claims clearly relate back under the second test provided in Rule
6  15(c) in that they arise out of the "conduct, transaction, or occurrence set forth or attempted
7  to be set forth in the original pleading." See Fed. R. Civ. P. 15(c)(2).  Defendant has not
8  expressly argued in its motion that any facts alleged in the SAC do not arise out of the
9  conduct, transaction, or occurrence set forth in the original complaint.  To the extent such
10 argument might be implied, it is unavailing.  A new claim in an amended complaint arises
11 out of the conduct, transaction, or occurrence alleged in the original complaint if "the
12 original and amended pleadings share a common core of operative facts."  See Martell v.
13 Trilogy Ltd., 872 F. 2d 322, 325 (9th Cir. 1989); see, e.g., Tiller v. Atlantic Coast Line R.
14 Co., 323 U.S. 574, 581 (1945).  Here, plaintiffs' claim that the conveyer machinery within
15 the VRT system was defective and that the ladder was "unstable" directly arise out the
16 occurrence set forth in the original complaint, specifically, the accident wherein Richard
17 Homem was injured as he stood on a ladder at his workplace attempting to address a
18 perceived problem with the VRT system.
19      Defendant requests that discovery be reopened if the claims in the SAC are found to
20 relate back to the original complaint.  Defendant makes such request for the first time in its
21 reply; consequently, plaintiffs have not had the opportunity to respond thereto.  In any
22 event, defendant has not shown good cause exists for such relief, having made no showing
23 as to how it has been prejudiced in the conduct of discovery.  Consequently, the Court will
24 not reopen discovery at this time.  Defendant is not precluded, however, from seeking such
25 relief upon a showing of good cause, either in connection with the upcoming status
26 conference or by separate motion.
27 //
28 //

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss and to strike is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 20, 2006

MAXINE M. CHESNEY
United States District Judge