United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOMEM and WENDY HOMEM,<br><br>　　　　Plaintiffs,<br>　v.<br><br>INTEC CORPORATION and JIM CHAMBLEE,<br><br>　　　　Defendants / | No. C 05-0792 MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER REOPENING EXPERT DISCOVERY; DENYING DEFENDANT'S REQUEST FOR MONETARY SANCTIONS; VACATING HEARING** |

　　　　Before the Court is plaintiffs' motion, filed August 22, 2006, seeking reconsideration of the Court's order reopening expert discovery. (See Amended Pretrial Preparation Order, filed August 8, 2006.) Defendant has filed opposition, in which it includes a request for imposition of monetary sanctions. Plaintiffs have not filed a reply. Having considered the papers filed by the parties, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for September 29, 2006, and rules as follows:

　　　　At a hearing conducted March 3, 2006, the Court denied defendant's motion to extend the then-existing February 20, 2006 deadline to disclose expert witnesses, finding defendant had not shown sufficient cause for its failure to comply with the February 20, 2006 deadline. At that time, trial was scheduled to begin on April 10, 2006, and prejudice to plaintiffs by reason of the requested late disclosure was apparent. See, e.g., Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F. 3d 1101, 1107 (9th Cir. 2001) (holding, where

1  defendant untimely disclosed expert report one month before trial, delayed disclosure was
2  not harmless in light of impending trial); <u>Wong v. Regents of the Univ. of California</u>, 410 F.
3  3d 1052, 1062 (9th Cir. 2005) (holding district court did not err by denying plaintiff's motion
4  to extend deadline to disclose experts, where, had plaintiff "been permitted to disregard the
5  deadline . . ., the rest of the schedule laid out by the court months in advance, and
6  understood by the parties, would have to have been altered as well").

7  Thereafter, for reasons unrelated to expert discovery, the trial was continued to
8  January 8, 2007.  Plaintiffs nonetheless argue that the passage of time does not justify
9  reopening expert discovery.  The Court disagrees.  Plaintiffs now have had sufficient time
10 to obtain discovery as to any experts disclosed by defendant, without negatively impacting
11 plaintiffs' trial preparation or requiring further alterations to the trial schedule.  The Court is
12 not persuaded by plaintiffs' argument that defendant should be prohibited from offering
13 expert testimony by reason of the fact that the reports of defendants' experts were
14 prepared after defendant received the reports of plaintiffs' experts.

15 Accordingly, plaintiffs' motion for reconsideration is hereby DENIED.

16 Defendant's request for monetary sanctions is hereby DENIED, the request being
17 both procedurally improper, <u>see</u> Civil L.R. 7-8 (providing all requests for sanctions must be
18 separately filed and noticed as motion), and substantively unconvincing.

19 **IT IS SO ORDERED.**

21 Dated: September 25, 2006

MAXINE M. CHESNEY
United States District Judge