IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOMEM and WENDY HOMEM, | No. C 05-0792 MMC |
| Plaintiffs, | **ORDER GRANTING THIRD PARTY DEFENDANT'S APPLICATION FOR ORDER SHORTENING TIME; SETTING BRIEFING SCHEDULE** |
| v. | |
| INTEC CORPORATION and JIM CHAMBLEE, | |
| Defendants / | |

Before the Court is third party defendant APV North America, Inc.'s ("APV") "Application For Order Shortening Time To File and Have Heard Its Motion to Dismiss, Or In The Alternative Motion To Sever And/Or Motion To Modify The Pretrial Order For An Enlargement Of Time To Prepare For Trial And Opening Discovery," filed October 16, 2006. As of 6:20 p.m. today, no opposition has been filed. See Civil L.R. 6-3(c) (providing opposition to motion to shorten time must be filed "no later than the third court day after receiving the motion").

Given the imminent pretrial conference and trial, and good cause appearing, APV's application for an order shortening time is hereby GRANTED. Any opposition or other response to APV's motion to dismiss, to sever, and/or to enlarge time shall be filed no later than October 23, 2006, by 2:00 p.m., at which time the matter will stand submitted.

Based on an initial review of APV's motion, however, and, again, in the interests of

time, the Court advises the parties that because the third-party complaint omits any facts to support the conclusory assertions as to liability contained therein, such complaint would appear to be subject to dismissal, with leave to amend, for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.[1]  If no viable claim against APV remains pending before the Court, APV's alternative requests to sever the claims against it and/or modify the pretrial order would appear to be premature; similarly, APV's earlier-filed "Motion for Dismissal for Failure to State a Claim Or, In The Alternative, Motion For Summary Judgment, And/Or Other Relief," noticed for hearing December 1, 2006, would appear to be moot.

Because, as discussed above, APV has not demonstrated a likelihood of dismissal with prejudice, APV shall attend the October 31, 2006 Settlement Conference and, to the extent practicable, participate therein, including submission of a settlement conference statement.[2]

**IT IS SO ORDERED.**

Dated: October 19, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] Intec USA, LLC was joined as a party herein on May 19, 2006, (see Second Amended Complaint ¶ 3), and first filed an answer to the claims asserted against it on August 3, 2006.  Consequently, the third-party complaint filed August 9, 2006 appears to be timely.  See Fed. R. Civ. P. 14(a) (providing third-party plaintiff may, without leave of court, file third-party complaint "not later than 10 days after serving its "original answer").

[2] Any request for relief based on the asserted unavailability of APV's lead trial counsel shall be directed to Magistrate Judge Chen.