United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOMEM and WENDY HOMEM,<br><br>　　　　Plaintiffs,<br>　v.<br>INTEC CORPORATION and JIM CHAMBLEE,<br><br>　　　　Defendants<br>_____<br>INTEC USA, LLC,<br><br>　　　　Third-Party Complainant<br>　v.<br>APV NORTH AMERICA, INC.,<br><br>　　　　Third-Party Defendant<br>_____/ | No. C 05-0792 MMC<br><br>**ORDER GRANTING IN PART THIRD-PARTY DEFENDANT'S APPLICATIONS FOR ORDERS SHORTENING TIME; SETTING BRIEFING SCHEDULE; DIRECTING THIRD-PARTY COMPLAINANT TO SHOW CAUSE WHY FIRST AMENDED THIRD-PARTY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

　　　Before the Court are three motions filed by third-party defendant APV North America, Inc. ("APV"): (1) APV's "Motion to Dismiss, or in the Alternative to Sever the Third Party Action, and/or Change the Trial Date and Enlarge Time for the Settlement Conference, Pretrial Conference, and Discovery Cutoff," filed November 3, 2006; (2) APV's "Motion to Open Discovery, Continue Expert Depositions, and Establish A New Deadline for Expert Disclosures," filed November 4, 2006; and (3) APV's "Motion to Open Discovery," filed November 4, 2006.

Although APV has noticed each such motion for hearing on December 15, 2006, APV has filed, with respect to each motion, an application for an order shortening time such that the matters can be heard Friday, November 10, 2006.  November 10, 2006 is an official court holiday and, in any event, APV's proposed schedule provides inadequate time for Intec USA, LLC's ("Intec") response.  Moreover, by separate order filed concurrently herewith, the Court has dismissed plaintiffs' claims against Intec in light of a settlement entered after the filing of APV's motions, which settlement may have some bearing on Intec's response.[1]  Nevertheless, given the relative imminency of the pretrial and trial, the Court hereby GRANTS in part the applications for orders shortening time and sets the following briefing schedule on APV's three motions:

1. Intec's oppositions shall be filed on or before 4:00 p.m., November 15, 2006.

2. APV's replies shall be filed on or before 4:00 p.m., November 17, 2006, on which date, unless the parties are otherwise advised, the matter shall stand submitted.

Additionally, at the time it responds to APV's motion to dismiss, Intec is hereby ORDERED TO SHOW CAUSE why its First Amended Third-Party Complaint should not be dismissed for lack of subject matter jurisdiction.  Intec has not expressly alleged a basis for jurisdiction, and, to the extent, its allegations regarding the parties' respective principal places of the business are intended to suggest the parties are of diverse citizenship, (see First Amended Third-Party Complaint ¶¶ 1-2), such allegations are insufficient for such purpose.  Specifically, Intec has not alleged the state in which APV is incorporated. Further, Intec has not alleged that each of Intec's owners/members is a citizen of a state other than the state of APV's incorporation or the State of Illinois, in which Intec alleges APV has its principal place of business. See Johnson v. Columbia Properties Anchorage, LP, 437 F. 3d 894, 899 (9th Cir. 2006) (holding limited liability corporation is "citizen of

//
//

---

[1] For example, in light of the above-referenced order of dismissal, to the extent one of APV's motions seeks a severance, such motion is moot.

2

every state in which its owners/members are citizens"). Finally, Intec has not alleged the requisite amount in controversy.

**IT IS SO ORDERED.**

Dated: November 8, 2006

MAXINE M. CHESNEY
United States District Judge