**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOMEM and WENDY HOMEM,<br><br>    Plaintiffs,<br>  v.<br><br>INTEC CORPORATION and JIM CHAMBLEE,<br><br>    Defendants<br>_____<br>INTEC USA, LLC,<br><br>    Third-Party Complainant<br>  v.<br><br>APV NORTH AMERICA, INC.,<br><br>    Third-Party Defendant<br>_____/ | No. C 05-0792 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SEVER AND/OR CHANGE TRIAL DATE; GRANTING IN PART AND DENYING IN PART AS MOOT THIRD-PARTY DEFENDANT'S MOTION TO OPEN DISCOVERY, CONTINUE EXPERT DEPOSITIONS, AND ESTABLISH NEW DEADLINE FOR EXPERT DISCLOSURES; DENYING AS MOOT THIRD-PARTY DEFENDANT'S MOTION TO OPEN DISCOVERY; SETTING STATUS CONFERENCE** |

    Before the Court are three motions filed by third-party defendant APV North America, Inc. ("APV"): (1) APV's "Motion to Dismiss, or in the Alternative to Sever the Third Party Action, and/or Change the Trial Date and Enlarge Time for the Settlement Conference, Pretrial Conference, and Discovery Cutoff," filed November 3, 2006; (2) APV's "Motion to Open Discovery," filed November 4, 2006; and (3) APV's "Motion to Open Discovery, Continue Expert Depositions, and Establish A New Deadline for Expert Disclosures," filed November 4, 2006.  Third-party complainant Intec USA, LLC ("Intec")

has filed the following responses to APV's motions: (1) partial opposition to APV's "Motion to Dismiss, or in the Alternative to Sever the Third Party Action, and/or Change the Trial Date and Enlarge Time for the Settlement Conference, Pretrial Conference, and Discovery Cutoff"; (2) a notice of non-opposition to APV's "Motion to Open Discovery"; and (3) a declaration by its counsel, stating Intec opposes in part, on grounds of mootness, APV's "Motion to Open Discovery, Continue Expert Depositions, and Establish a New Deadline for Expert Disclosures." APV has filed replies to Intec's responses.

Having reviewed the papers filed in support of and in response to APV's motions, the Court rules as follows.

**A. Motion To Dismiss, or in the Alternative to Sever the Third Party Action, and/or Change the Trial Date and Enlarge Time for the Settlement Conference, Pretrial Conference, and Discovery Cutoff**

1. APV has shown it is entitled to dismissal of the First and Third Causes of Action in the First Amended Third-Party Complaint ("FATC"). In its First Cause of Action, Intec alleges it is entitled to "equitable indemnity" because plaintiffs' damages are "the direct and proximate result of, and/or attributable to the acts or omissions of [APV], whereas [Intec] is "blameless" and "did not proximately cause or contribute to [plaintiffs'] damages and/or losses to any degree." (See FATC ¶ 15.) Similarly, in its Third Cause of Action, Intec seeks a declaration that APV is the "sole and proximate cause of [plaintiffs'] injuries and damages." (See FATC ¶ 24.) In other words, Intec alleges, in both in First and Third Causes of Action, that Intec is not liable to plaintiffs, and that, instead, APV is liable to plaintiffs. A third-party claim, however, "presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant." See Parr v. Great Lakes Express Co., 484 F. 2d 767, 769 (7th Cir. 1973) (emphasis added) (affirming dismissal of third-party complaint, where original defendant sought to join third-party on theory third-party was sole cause of plaintiff's claimed injuries); see also Millard v. Municipal Sewer Authority, 442 F. 2d 539, 541 (3rd Cir. 1971) (holding it is "not possible" to bring a third-party claim against an entity "claimed to be solely liable to the plaintiff").

//

  2.  APV has not shown it is entitled to dismissal of the Second and Fourth Causes of Action.  In both claims, Intec alleges that if Intec, as designer of the subject instrumentality, is found liable to plaintiffs, Intec will be entitled to "equitable apportionment" and "contribution," specifically, that Intec will be entitled to recover from APV the portion of any damages Intec is required to pay to plaintiffs that is attributable to APV's having improperly tested, inspected, installed and altered the subject instrumentality.  (See FATC ¶¶ 7-8, 20-21, 27.)  Such claims are proper third-party claims.  See Employers Insurance of Wausau v. Musick, Peeler & Garrett, 954 F. 2d 575, 577 (9th Cir. 1992) ("Contribution may be sought through a third party action pursuant to Rule 14(a) of the Federal Rules of Civil Procedure."); see also Daly v. General Motors Corp., 20 Cal. 3d 725, 736 (1978) (holding "equitable apportionment" applicable where "conduct of one party in combination with the product of another, or perhaps the placing of a defective article in the stream of projected and anticipated use, may produce the ultimate injury").[1]

  3.  In light of the Court's dismissal of plaintiffs' claims against Intec, APV's motion for severance is, as APV concedes in its reply, moot

  4.  APV's motion to continue the pretrial and trial dates, which motion Intec does not oppose, will be granted, good cause appearing in light of APV's recent joinder herein and the dismissal of plaintiffs' claims against Intec.  All presently-scheduled dates will be vacated, and new dates will be set at a case management conference to be conducted on January 19, 2007, at 10:30 a.m.

**B.  Motion to Open Discovery, Continue Expert Depositions, and Establish A New Deadline for Expert Disclosures**

  APV's motion to open discovery and to establish a new deadline for expert disclosures, which motion is unopposed by Intec, will be granted, good cause appearing in light of APV's recent joinder herein and the vacatur of the existing trial date.

---

[1]The substantive difference between the Second and Fourth Causes of Action is unclear.  Because APV has not challenged those claims as being duplicative in nature, however, the Court does not further consider the issue.

In light of the dismissal of plaintiffs' claims against Intec, APV's motion to continue expert depositions is, as APV concedes in its reply, moot.

**C. Motion to Open Discovery**

APV's motion to open discovery will be denied as duplicative, such relief having been granted above in connection with APV's "Motion to Open Discovery, Continue Expert Depositions, and Establish A New Deadline for Expert Disclosures."

**CONCLUSION**

For the reason stated above,

1. APV's "Motion to Dismiss, or in the Alternative to Sever the Third Party Action, and/or Change the Trial Date and Enlarge Time for the Settlement Conference, Pretrial Conference, and Discovery Cutoff" is hereby GRANTED in part and DENIED in part, as follows:

    a. The First and Third Causes of Action in the FATC are hereby DISMISSED; in all other respects, the motion to dismiss is DENIED.

    b. The motion to sever is DENIED as moot.

    c. The motion to continue the pretrial and trial dates is GRANTED, and all currently set dates, including the December 19, 2006 pretrial and January 8, 2007 trial dates, are hereby VACATED.

2. APV's "Motion to Open Discovery, Continue Expert Depositions, and Establish a New Deadline for Expert Disclosures" is hereby GRANTED in part and DENIED in part, as follows:

    a. APV's motion to open discovery and to establish a new deadline for expert disclosures is hereby GRANTED.

    b. APV's motion to continue expert depositions is DENIED as moot.

3. APV's "Motion to Open Discovery" is hereby DENIED as duplicative.

//
//
//

4. The Court will conduct a case management conference on January 19, 2007, at 10:30 a.m.  A joint case management statement shall be filed no later than January 12, 2007.

**IT IS SO ORDERED.**

Dated: November 22, 2006

MAXINE M. CHESNEY
United States District Judge